**JAMES A. SMITH and INA SMITH, Plaintiffs**

v.

**CHRIS MARTIN, Defendant**

Civil No. 259-1967

Municipal Court of the Virgin Islands

Dist. of St. Thomas and St. John

August 8, 1967

BIRCH, MADURO, DE JONGH & FARRELLY, Charollote Amalie, St. Thomas, Virgin Islands (ALEXANDER A. FARRELLY, ESQ., of counsel), *for plaintiffs*

HARRY DREIS, ESQ., Charlotte Amalie, St. Thomas, Virgin Islands, *for defendant*

HOFFMAN, *Municipal Judge*

FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT

The Plaintiffs in this action seek to rescind a written agreement dated April 1, 1967, for the purchase of Defendant's then active business, the Caribbean Employment Agency in operation at the lower floor of the premises known as 40 Norre Gade, Charlotte Amalie, St. Thomas, Virgin Islands.

The testimony indicates that several discussions concerning the purchase of the business were held by the parties prior to the execution of the agreement. The basis upon which rescission is sought is that defendant allowed, if not induced plaintiffs to believe that they would be able to use the premises in question for the operation of the business for an indefinite period, and at least for twenty months, the period over which installment payments on the contract were to be made. On trial it was stipulated by the parties that the Urban Renewal Board had acquired the premises by condemnation and scheduled them for demolition. Defendant himself testified that he knew of this fact prior to April 1, 1967, but did not so inform plaintiffs until after the execution of the agreement.

Plaintiffs assert that the location of the business, and the low rental involved were material factors in their agreeing to purchase the agency. The evidence is clear that on plaintiff's request, defendant secured assurance from the landlord that the monthly rental of $75 would not be increased. Plaintiffs further claim that they would not have agreed to pay $4,500 for the Caribbean Employment Agency

120

had they known that they would be unable to continue the business at its established location for a period of at least twenty months. Plaintiffs also testified that they communicated this to the defendant.

Defendant admits that he did not inform plaintiffs of the condemnation of the premises, but argues that there is no basis in the written agreement for the supposition on plaintiffs' part that they would not have the use of them for anything more than one month, this being the term of the tenancy under which defendant allegedly occupied them. He further claims that the location of the business cannot be held to be a material factor in the agreement. By way of answer to plaintiffs' petition, defendant interposed denials generally and counterclaimed for the full amount due under the contract. On trial, he further defended, arguing that even if plaintiffs had a valid claim for rescission, it was barred by laches, and by failure of plaintiffs to make an offer of rescission. In addition, defendant asserts that by rescission he cannot be made whole, although no substantial evidence was offered, and counsel's summation to this effect went far beyond the record. Other subsidiary issues were presented by both parties, which the court feels are not essential to the disposition of the case.

Plaintiffs appeared by Birch, Maduro, De Jongh and Farrelly (Alexander A. Farrelly, Esq., of counsel). Defendant was represented by Harry Dreis, Esq.

The Court, having reviewed the testimony and examined the authorities, makes the following:

### FINDINGS OF FACT

1. Defendant knew of the condemnation of the premises prior to the execution of the contract and did not so inform plaintiffs.

2. The continued use of the premises was a material and substantial factor in plaintiffs' decision to purchase the business.

3. Defendant knew that the continued use of the premises was a material and substantial factor in plaintiffs' decision.

4. Plaintiffs were not on notice to inquire as to the state of the title of the premises and had no reason to believe that they could not continue to use them to operate the business.

CONCLUSIONS OF LAW

■ 1. Plaintiffs have not been guilty of laches. The filing of this action constituted sufficient notice of their intention to rescind.

■ 2. Defendant had a duty to inform plaintiffs prior to the execution of the contract that the premises were condemned.

3. Defendant's failure to disclose this material fact to plaintiffs constitutes sufficient ground for rescission of the contract.

JUDGMENT

It is therefore ORDERED, ADJUDGED AND DE-CREED:

1. That the contract of April 1, 1967, for the purchase and sale of the Caribbean Employment Agency is null and void and of no effect.

2. That on or before August 15, 1967 plaintiffs shall return to defendant any and all consideration received by them by virtue of the aforementioned agreement, including but not limited to all right, title and interest in the Carribean Employment Agency, and any tangible or intangible property pertaining thereto.

3. That as between plaintiffs and defendant, but without prejudice to third parties, plaintiffs shall remain liable:

a) For all rents and other charges for the use and occupancy for the premises at 40 Norre Gade;

b) For all charges for the operation of the Carribbean Employment Agency from April 1, 1967 until plaintiffs

have surrendered the business and all its appurtenances to the defendant as aforementioned;

c) For all rents from and after August 15, 1967, until the termination of plaintiffs' tenancy in the premises at 40 Norre Gade.

The record is silent or insufficient concerning the accounts receivable, accounts payable, depreciation or appreciation of the business. In the absence of these necessary facts, the Court further ORDERS:

4. That the net credit or deficit in accounts payable and receivable of the Carribean Employment Agency as of May 31, 1967 is to accrue or be charged to the defendant. That the net credit or deficit in accounts payable and receivable arising after April 1, 1967 is to accrue or be charged to plaintiffs. That any appreciation or depreciation of the business after April 1, 1967 is to accrue or be charged to plaintiffs. That any net credit in accounts payable and receivable or any appreciation of the business arising after April 1, 1967 to August 15, 1967 is to be added to the $500 paid on the contract and any other consideration received by the defendant, and to be paid over to plaintiffs. That any net deficit in accounts payable and receivable, or any depreciation of the business arising after April 1, 1967 to August 15, 1967 is to be deducted from the $500 paid on the contract, and any other consideration received by defendant, the remainder, if any, to be paid over to plaintiffs. If the deficits and depreciation exceed $500, then defendant is to receive from plaintiffs the sum equal to the difference between $500 and actual deficits and depreciation as determined.

5. That if the parties herein fail, by October 1, 1967, to reach a private settlement of the unresolved items specified hereinabove, the Court, upon motion of either of the parties on proper notice, shall refer the disputed items to a Master for the taking of testimony on the unresolved

matters and for a report of his findings to the Court. In such an eventuality, the cost of the reference, including the fee of the Master, shall be shared equally by the parties and an appropriate deposit, prior to the reference, may be required of the parties in equal shares, to secure the costs and fees.

6. That each party shall bear their own costs and attorneys' fees in the instant case.